*314 The opinion of the Court was delivered by
Fenner, J.
The sole question involved in this case is whether the registry of a judgment, obtained by the holder of a mortgage note, recognizing and rendering executory the mortgage, operates as a sufficient reinscription of the original mortgage by which the note was secured.
The note sued on was one of several notes secured by the mortgage, and the suit and judgment were in favor of a third holder, not the original mortgagee. The judgment sufficiently describes the property, but fails to mention the name of the officer who passed the act, or the date of the act or of its original registry, or tho name of the original mortgagee, or the total amount for which the mortgage was given. The judgment really contains nothing on its face to identify it with the particular mortgage, of which its registry is claimed to operate as a r'einscription, and leaves the reader under the necessity of looking outside of the record in order to ascertain all those facts, which should be patent on the face of the inscription.
The Code requires that the inscriptions shall be renewed “ in the manner in which they were first made,” Art. 3369.
The manner in which the original inscriptions are required to be made, is set forth in the case of Sue. of Simon, 23 A. 533, where it is held that the act itself must be transcribed, and that the registry of a mere certificate of the notary that he had passed even the act, though containing a complete description of all particulars of the mortgage, could not avail as a substitute for the act. A strict interpretation of Art. 3369 would impose like requisites for the reinscription ; but even if some latitude be allowed in the matter, it is clear that the reinscription must, in some form, either on its face or by distinct reference, present complete evidence of the mortgage intended to be perpetuated, so that the searcher may ascertain all the essential particulars thereof, without leaving the register’s office. Whother this object might be accomplished by a memorandum reciting the renewal or reinscription with reference to the date, book and page of the original inscription, is not presented in this case. See on this subject: 4 Rob. 7; 2 A. 610, 799; 4 A. 212; 7 A. 534; 20 A. 388 ; 21 A. 427; 22 A. 402; 23 A. 132; 25 A. 180; 27 A. 299; 28 A. 775.
The judgment inscribed in this case accomplishes none of the purposes had in view in valid reinscriptions.
So far as third persons are concerned, mortgages derive their effect, not from the mere convention of the parties, but from compliance with the laws of registry, and nothing can dispense from a strict observance thereof.
Judgment affirmed at appellants’ cost.